### BRICE ROBINSON V. STATE.

No. 2276. Decided February 12, 1913.

**1.—Assault to Murder—Evidence—Husband and Wife—Cross-examination.**

Where the objections to the cross-examination of defendant's wife did not point out any error, the conviction was sustained.

**2.—Same—Sufficiency of the Evidence.**

Where, upon trial of assault with intent to murder and a conviction of aggravated assault, the evidence was sufficient to sustain the conviction, there was no error.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. Robt. B. Seay.

Appeal from a conviction of aggravated assault; penalty, a fine of $100 and six months confinement in the county jail.

The testimony for the State shows that the assaulted party and defendant had some previous altercation, and that some time thereafter on the same day in the night-time, the parties again met and after some words, defendant shot the party injured, and that the latter stayed in the hosptial for some months on account of the wound inflicted; that the party injured did not do anything at the time he was shot.

The defendant, however, testified that he acted in self-defense in repelling an assault by deceased upon him.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, Judge.—Appellant was convicted of an aggravated assault, fined $100 and imprisoned six months in the county jail.

There is but one bill of exceptions. It is quite lengthy. It recites all of the testimony of the wife of the appellant, who was introduced by him, on her direct examination, containing several pages of type-writing. Then it gives her testimony on cross-examination. All this is first stated in a narrative form. Then all this is again given by questions and answers for both the direct and cross-examination. Altogether it contains fifteen pages of typewritten matter. The court, in approving the bill, states as follows:

"This bill is approved to this extent. The court never overruled an objection going into new matters in cross-examination of the wife. On the contrary the court at one time at the beginning of the cross-examination instructed the *county attorney* not to go into any new matter. As will be seen by the stenographer's notes in this bill only two objections were made by the defendant. One was when State's attorney asked the given name of defendant's father. The other was to the question (Last in the notes), 'When did you see him at ten o'clock that night.' To this defendant objected and the court sustained the objection." As qualified by the court it presents no error. Even without this qualification no error is shown.

Complaint is made in the motion for new trial that the verdict is contrary to the great preponderance of the evidence. We have carefully gone over the evidence. It in every way amply sustains the verdict. In fact it would clearly have justified a conviction of an assault with intent to kill, for which appellant was indicted.

No other ground by appellant shows any error whatever. The judgment is affirmed.

*Affirmed.*